IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY L. CARMOUCHE, § § *Plaintiff*, § § vs. § § CIGNA HEALTH AND LIFE INSURANCE § COMPANY, § § *Defendant*. § | CIVIL ACTION NO. _____ |

### NOTICE OF REMOVAL BY DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY

Pursuant to 28 U.S.C. § 1441 *et seq.* and 28 U.S.C. §§ 1331 and 1332, Defendant Cigna Health and Life Insurance Company[1] ("CHLIC") hereby removes this action from the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana, to the United States District Court for the Middle District of Louisiana.

### I.   INTRODUCTION

Plaintiff Anthony L. Carmouche filed a petition in the 19th Judicial District Court for East Baton Rouge Parish, Docket No. C666553, Section 26, against CHLIC on February 22, 2018, styled *Anthony L. Carmouche v. Cigna Health and Life Insurance Company*. Mr. Carmouche served CHLIC through the Louisiana Secretary of State, and CHLIC first received Mr. Carmouche's petition on March 23, 2018.

In his petition, Mr. Carmouche seeks disability benefits allegedly owed to him pursuant to an employee benefit program provided by his employer. Pet. ¶¶ 2, 5–16. This claim,

---

[1] The actual claims administrator for the Plan that provides the benefits that Mr. Carmouche seeks is Life Insurance Company of North America ("LINA"), an indirect subsidiary of Cigna Corporation. Cigna Health and Life Insurance Company is a separate corporation that has been misidentified as a defendant because it is wholly unrelated to the Plan under which Mr. Carmouche seeks benefits.

however, is completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. As a result, this Court has original subject-matter jurisdiction over this suit under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States—specifically, ERISA. Additionally, for the reasons described below, this Court has subject-matter jurisdiction over the state-court action under 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. CHLIC, therefore, removes this action from state to federal court pursuant to the provisions of 28 U.S.C. § 1441.

## II. REMOVAL IS PROPER

### A. ERISA Section 502(a) completely preempts Mr. Carmouche's claims.

The disability benefits that Mr. Carmouche seeks are provided pursuant to the Schlumberger Disability Plan, which is a benefit program under Schlumberger's self-funded Group Welfare Benefits Plan (the "Plan"). The Plan is sponsored and funded by Schlumberger Technology Corporation ("STC") and administered by STC's Administrative Committee. STC contracted with LINA only to serve as the claims administrator of the Plan, and LINA does not insure the Plan. Benefits under the Plan are paid by STC if LINA, acting as claims administrator, determines that a claim should be paid under the terms of the Plan.

ERISA regulates employee welfare benefit plans, *e.g.*, *Dist. of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 127 (1992), and the term "employee welfare benefit plan" includes "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries . . . benefits in the event of

sickness, accident, disability, death or unemployment . . . ." 29 U.S.C. § 1002(1).[2] The Plan is an employee welfare benefit plan regulated by ERISA because it was established by an employer, STC, for the purpose of providing disability and other benefits for its participants or their beneficiaries. *See id*. It is by way of this Plan that Mr. Carmouche, as a participant in the Plan, seeks disability benefits.

While Mr. Carmouche alleges only state-law claims, the United States Supreme Court recognizes that ERISA's civil enforcement provision—Section 502(a), 29 U.S.C. § 1132(a)—has complete preemptive force and, as such, "converts" ordinary state claims into a federal claim or claims, which then supplies a basis for removal to federal court. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–09 (2004). Section 502(a)(1)(B) provides:

> A civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

29 U.S.C. § 1132(a)(1)(B). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209.

Because Mr. Carmouche is seeking to recover benefits allegedly due to him under an ERISA-regulated Plan this state-law suit is completely preempted by ERISA Section 502(a) and is removable to federal court. *See Davila*, 542 U.S. at 209–10. The Supreme Court of the

---

[2]   A "participant" includes "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

United States and the United States Court of Appeals for the Fifth Circuit have repeatedly found claims similar to those asserted by Mr. Carmouche to be completely preempted by ERISA.[3]

**B.   The Court also has subject-matter jurisdiction under 28 U.S.C. § 1332.**

    **1.   There is complete diversity of citizenship.**

There is complete diversity of citizenship between Mr. Carmouche and CHLIC. *See* U.S.C. § 1332(a)(1). Mr. Carmouche is a citizen of Louisiana. Pet. 1. CHLIC is a corporation that is both incorporated in and has its principal place of business in Connecticut. It is therefore a citizen of Connecticut. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."). Because Mr. Carmouche, who is a citizen of Louisiana, has brought suit against CHLIC, which is a citizen of Connecticut, complete diversity exists. 28 U.S.C. § 1332(a)(1).

    **2.   The amount-in-controversy requirement is satisfied.**

Based on the petition's allegations and the terms of the Plan, it is apparent that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Among other things, Mr. Carmouche alleges he became completely and permanently disabled within the meaning of the Plan as a result of a car accident in which he was involved on April 19, 2017. Pet. ¶ 2–3, 5–8. He seeks "damages as will be proven at trial including but not limited to medical treatment, pain and suffering, general damages, mental anguish and distress, hedonic

---

[3] *See, e.g.*, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–63 (1987) (holding that common law contract and tort claims for disability benefits were preempted); *Hernandez v. Jobe Concrete Prods., Inc.*, 282 F.3d 360, 361 (5th Cir. 2002) (holding that breach of contract claim for disability benefits was preempted by ERISA); *Hogan v. Kraft Foods*, 969 F.2d 142, 144–45 (5th Cir. 1992) (holding that claims for violation of insurance code were completely preempted); *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 763 (5th Cir. 1989) (same).

damages, unfair trade practices . . . bad faith damages . . . attorney fees . . . and other damages to be amended . . . ." Pet. ¶ 16.

Under the Plan, short-term disability ("STD") benefits are paid for up to 26 weeks at 100% of the employee's "Base Pay."  Long-term disability ("LTD") benefits are paid at a minimum of 60% of the employee's "Eligible Compensation" for so long as the employee is disabled or until he reaches the "Maximum Benefit Period."  Additionally, an employee can elect "Supplemental LTD" coverage under the Plan, which increases the amount of LTD benefits from 60% to 70% of the employee's "Eligible Compensation."  Under the Plan, Eligible Compensation is the higher of (a) Base Pay on the date the employee becomes disabled or (b) Admissible Compensation at December 31 of the preceding calendar year, which accounts for bonuses, overtime, and commissions.  For employees who become disabled before they reach the age of 60, the Plan provides that LTD benefits are to be paid until the employee reaches the age of 65.

Mr. Carmouche was paid short-term disability ("STD") benefits from April 20, 2017 through August 29, 2017 (i.e., for 18 weeks).  At the time of his alleged disability, Mr. Carmouche's relevant Eligible Compensation for purposes of LTD benefits under the Plan exceeded $210,000 (or in excess of $17,500 per month), and Mr. Carmouche is under 60 years old.  Mr. Carmouche had also elected "Supplemental LTD" coverage under the Plan.  Mr. Carmouche pleads that "[a]s a result of [the] accident . . . he suffered serious, debilitating, and permanent personal injury to his back and neck and that . . . [he] is entitled to receive disability and health benefits as contracted with [CHLIC]." Pet. ¶ 5.  Putting aside the amount of additional STD benefits (i.e. 8 weeks) to which Mr. Carmouche would be entitled if he prevailed—if Mr. Carmouche is found to be permanently disabled under the terms of the Plan as

he alleges—the minimum amount of LTD disability benefits available under the Plan more than satisfies the amount-in-controversy requirement using the compensation levels stated above, which, as noted, are exceeded by his actual relevant compensation:

```
      $17,500 Eligible Compensation per month
x           70%
x           60 months [5-year minimum, based on payments until age 65]
      $735,000
```

Accordingly, Mr. Carmouche's claim for LTD benefits alone exceeds $75,000, to say nothing of the additional amounts for STD benefits or the other damages and attorney's fees that Mr. Carmouche claims. Pet. ¶ 14. Taking these amounts together, the amount in controversy requirement has been met because the monetary relief sought by Mr. Carmouche greatly exceeds $75,000. *See* 28 U.S.C. 1332(a).

C.     **The procedural requirements for removal are satisfied.**

This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of when CHLIC received Mr. Carmouche's petition. *See* 28 U.S.C. § 1446(b)(1). CHLIC actually received the citation and petition on March 23, 2018, which is the relevant date for purposes of removal. *Gordon v. Bancorpsouth Ins. Servs.*, No. 16-724-JWD-EWD, 2017 WL 2222384 at *4 (M.D. La. March 29, 2017), *adopted by* No. 16-724-JWD-EWD, 2017 WL 2219982 at *1 (M.D. La. May 19, 2017) (holding that the thirty day time period for removal does not begin to run until a defendant is actually supplied with a plaintiff's initial state court petition).

The United States District Court for the Middle District of Louisiana embraces the parish in which the state-court action now pends. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 98(b) & 1441(a).

Pursuant to 28 U.S.C. § 1446(a), CHLIC is attaching a copy of all process, pleadings, and

orders served on it to this notice of removal.

Pursuant to 28 U.S.C. § 1446(d), CHLIC is simultaneously filing a written notice of this removal with the district clerk of the state court where the action currently pends. Copies of the notice of filing notice of removal, together with this notice of removal, are being served upon Mr. Carmouche pursuant to 28 U.S.C. § 1446(d), and upon all known counsel of record in this action.

### III.   CONCLUSION

CHLIC prays that this Court take jurisdiction of this action to its conclusion, to the exclusion of any further proceedings in the state court in accordance with the above law.

Date: April 23, 2018

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ Benjamin E. Gonsoulin*
    Michael B. Bennett — *Lead Attorney*
    Texas Bar Number 00796196
    *Motion to appear pro hac vice forthcoming*
    Benjamin E. Gonsoulin
    Louisiana Bar Number 34562
    Matthew G. Sheridan
    Texas Bar Number 24088404
    *Motion to appear pro hac vice forthcoming*
    BAKER BOTTS L.L.P.
    910 Louisiana Street
    Houston, Texas 77002
    Telephone: (713) 229-1209
    Facsimile: (713) 229-2709
    michael.bennett@bakerbotts.com
    ben.gonsoulin@bakerbotts.com
    matthew.sheridan@bakerbotts.com

ATTORNEYS FOR DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2018, a true and exact copy of the foregoing was sent via electronic mail and by properly addressed, certified mail, return receipt requested, with postage prepaid to:

    Lawrence C. Billeaud
    706 West University Avenue
    Lafayette, Louisiana 70506
    Telephone: (337) 266-2055
    Facsimile: (337) 266-2056
    *lawrencebilleaud@lawrencebilleaudlaw.com*

    */s/ Benjamin E Gonsoulin*
    Benjamin E. Gonsoulin